IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RATTANAK M. SARIK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS McGINLEY, et al. | : | No. 23-5043 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                      June 7, 2024

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254 by Rattanak M. Sarik ("Petitioner"), challenging his 2016 conviction at docket

numbers CP-51-CR-0005041-2014 and CP-51-CR-0005046-2014 (Phila. C.C.P.).  For

the reasons that follow, I recommend that the petition be dismissed as untimely.

## I.      FACTS AND PROCEDURAL HISTORY[1]

The charges in this case arose from the March 11, 2014, shooting in which

Khoeum Roeun was killed and Billy Lang was wounded.  See Commonwealth v. Sarik,

Nos. 582 & 583 EDA 2022, 296 A.3d 659 (table), Memorandum, 2023 WL 2727629, at

*1 (Pa. Super. Mar. 31, 2023) ("Super. Ct. Op.").  Petitioner pled guilty in both cases on

January 12, 2016, before the Honorable J. Scott O'Keefe.  At criminal docket number

CP-51-0005046-2014 ("5046 Case"), pertaining to Roeun, Petitioner plead guilty to

---

[1]I initially ordered the state court records in this matter, Docs. 5 & 7, but the state courts retained them pending completion of Petitioner's third post-conviction appeal, which concluded on November 14, 2023.  The procedural history is compiled from the parties' submissions, the state court docket sheets, and the opinion of the Pennsylvania Superior Court, review of which leads to the conclusion that the petition is untimely filed. I therefore did not take further action to obtain the state court records.

third-degree murder, conspiracy, and possessing an instrument of crime ("PIC"), with no

recommended sentence, 5046 Case, Docket Sheet (Phila C.C.P.) ("5046 Docket"), and at

criminal docket number CP-51-0005041-2014 ("5041 Case"), pertaining to Lang,

Petitioner plead guilty to attempted murder and conspiracy with a recommended

aggregate sentence of 30 -to- 60 years' imprisonment. 5041 Case, Docket Sheet (Phila

C.C.P.) ("5041 Docket") (collectively, "Docket Sheets") (sections entitled "Disposition

Sentencing/Penalties" & entries dated Jan. 12, 2016); see also Super. Ct. Op. at *1; 5041

Case, Written Guilty Plea Colloquy (Phil. C.C.P. Jan. 12, 2016) (appended to petition,

Doc. 1-1 at 53-56).[2]  On January 20, 2016, Judge O'Keefe sentenced Petitioner on both

cases to an aggregate 30 -to- 60 years' incarceration.  Docket Sheets (sections entitled

"Disposition Sentencing/Penalties" & entries dated Jan. 20, 2016).[3]  Petitioner did not file

a direct appeal.

On November 8, 2016, Petitioner filed a timely pro se petition on both dockets

pursuant to Pennsylvania's Post Conviction Relief Act, 24 Pa. C.S.A. §§ 9541-9551

("PCRA"), raising various claims of ineffective assistance of counsel on both dockets and

---

[2]As Respondents point out, Doc. 8 at 3 n.1., the Superior Court switched which docket had the negotiated recommended sentence.  See Super. Ct. Op. at *1.  This error does not affect the Superior Court's opinion or the outcome of the present habeas petition.

[3]Specifically, Judge O'Keefe sentenced Petitioner on the 5046 Case to 20 -to- 40 years' incarceration for third-degree murder, a consecutive term of 10 -to- 20 years' incarceration for conspiracy, and a concurrent term of 2 -to- 4 years' incarceration for PIC; and on the 5041 Case to 10 -to- 20 years' incarceration each for attempted murder and conspiracy, each to run concurrently with his sentence on the 5046 Case.  See Docket Sheets (sections entitled "Disposition Sentencing/Penalties"); see also Super. Ct. Op. at *2.

requesting to withdraw his guilty plea.  Docket Sheets (entries dated Nov. 8, 2016); Super. Ct. Op. at *2.  The PCRA court appointed counsel, who subsequently filed a Finley letter and a motion to withdraw.  Docket Sheets (entries dated Jan. 30, 2017 & Apr. 28, 2017); Super. Ct. Op. at *2.   After filing a notice of intent to dismiss as to both cases, see Docket Sheets (entries dated Apr. 28, 2017), Judge O'Keefe dismissed the PCRA petition.  Id. (entries dated June 6 & 9, 2017); Super. Ct. Op. at *2.  Petitioner did not appeal the dismissal.

On October 30, 2018, Petitioner filed a second PCRA petition, raising the same claims as in the first PCRA petition, along with additional claims of ineffectiveness of plea and PCRA counsel.  Docket Sheets (entries dated Oct. 30, 2018); Super. Ct. Op. at *2.  After filing a notice of intent to dismiss stating that the petition was untimely and lacked merit, Judge O'Keefe dismissed the second PCRA petition as untimely and meritless.  Docket Sheets (entries dated Apr. 4, May 6 & 7, 2019); Super. Ct. Op. at *2. Petitioner appealed to the Superior Court, which dismissed the appeal for failure to file an appellate brief.  5041 Docket (entries dated June 3, 2019 & Feb. 20, 2020); Super. Ct. Op. at *2; see also Commonwealth v. Sarik, No. 1652 EDA 2019, Appeal Docket Sheet (Pa. Super., entry dated Feb. 20, 2020).

On July 28, 2021, Petitioner filed a motion to modify his sentence nunc pro tunc, which the state court treated as a third PCRA petition, claiming abuse of discretion in sentencing.  Docket Sheets (entries dated July 28 & 29, 2021); Super Ct. Op. at *3.  After filing a notice of intent to dismiss, see Docket Sheets (entries dated Nov. 5, 2021), to which Petitioner filed a response, id. (entries dated Jan. 27, 2022), Judge O'Keefe

3

dismissed the third PCRA petition as untimely.  Id. (entries dated Feb. 3, 2022); Super Ct. Op. at *3.  Judge O'Keefe issued an opinion upon Petitioner's notice of appeal.  5041 Case & 5046 Case, Opinion (Phil. C.C.P. Mar. 28, 2022) (appended to petition, Doc. 1-1 at 43-52).  The Superior Court affirmed by memorandum opinion dated March 31, 2023, finding that Petitioner's third PCRA petition was untimely filed and meritless.  Super. Ct. Op. at *4-6.  On November 14, 2023, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.  Commonwealth v. Sarik, Nos. 146 & 147 EAL 2023, 307 A.3d 1196 (Pa. Nov. 14, 2023) (table).

On November 29, 2023,[4] Petitioner filed the present petition for writ of habeas corpus raising three claims:

1. The trial court impermissibly deviated from the 42 Pa. S.C.A. § 9721 sentencing guidelines and failed to explain an adequate reason for doing so.

2. Ineffective assistance of counsel for giving incorrect advice about the possible sentence and pressuring Petitioner into accepting guilty plea.

3. Ineffective assistance of counsel for refusing to amend the PCRA petition and moving to withdraw as counsel.

Doc. 1 ¶ 11 GROUNDS ONE – THREE.  The District Attorney argues that the petition should be dismissed as untimely.  Doc. 8.  The Honorable Chad F. Kenney referred this case to me to prepare a Report and Recommendation ("R&R").  Doc. 4.

---

[4]This court employs the "mailbox rule," deeming the petition filed when given to prison authorities for mailing.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Although the petition was filed on December 12, 2023, Petitioner stated that he placed the petition in the prison mail on November 29, 2023.  Doc. 1 at 20.  Therefore, I will give Petitioner the benefit of that filing date.

## II.    DISCUSSION – STATUTE OF LIMITATIONS

### A.    Start Date

Federal habeas corpus petitions are subject to a one-year limitations period.  28 U.S.C. § 2244(d).  Ordinarily, the one-year period begins to run on the date the judgment became final in the state courts.  Id. § 2244(d)(1)(A).[5]  For purposes of determining the date a conviction becomes final, federal courts look to state law.  See Gonzalez v. Thaler, 565 U.S. 134, 152 (2012) ("[W]e look to state-court filing deadlines when [habeas] petitioners forgo state-court appeals.").  Under Pennsylvania law, a defendant may file an appeal within thirty days from the date of the entry of the order appealed from.  See Pa. R.A.P. 903(a).  If a defendant does not file an appeal, the judgment is considered final when the period to seek review expires.  See 42 Pa. Cons. Stat. Ann. § 9545; see also Commonwealth v. Guthrie, 749 A.2d 502, 504 (Pa. Super. 2000) (if appeal is not taken, judgment is final when the time for pursuing direct review in state court expires).

Here, Petitioner's conviction became final on February 19, 2016, thirty days after Judge O'Keefe imposed sentence, when the time for filing an appeal with the Superior Court expired on direct appeal.  See Pa. R.A.P. 903(a) (providing for 30 days to file an appeal).  Thus, absent statutory tolling, equitable tolling, or the benefit of the actual

---

[5]The habeas statute also provides for alternative start dates including the date on which the factual predicate of the claim could be discovered through the exercise of due diligence, the date on which a state-created impediment to filing is lifted, or the recognition of a new Constitutional rights.  28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner does not rely on one of these, nor does the record implicate an alternate start date.

innocence exception, Petitioner had until February 19, 2017, to file a timely habeas petition.

### B.   Statutory Tolling

The habeas limitations period is subject to statutory tolling for the time during which a "properly filed" PCRA petition is pending.  28 U.S.C. § 2244(d)(2).  Here, Petitioner tolled the limitations period by filing a timely PCRA petition on November 8, 2016, after 263 days of the habeas limitations period had run.  The habeas limitations period resumed running on July 10, 2017, when the time expired for Petitioner to file an appeal of the denial of his first PCRA petition.  See Pa. R.A.P. 903(a) (providing for 30 days to file an appeal).[6]  At that point, Petitioner had 102 days, or until October 20, 2017, in which to file a timely habeas petition.

Petitioner's second and third PCRA petitions -- filed on October 30, 2018, and July 28, 2021, respectively -- do not provide any further tolling because the state courts found both petitions to be untimely, and therefore were not "properly filed" within the meaning of section 2244(d)(2).  See Pace v. DiGuliemo, 544 U.S. 408, 414 (2005) ("[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); see also Super. Ct. Op. at *3, 4 (both second and third PCRA petitions were untimely under Pennsylvania law).  Thus, absent equitable tolling or application of the

---

[6]The Docket Sheets contain entries for "Order Dismissing PCRA Petition" on both June 6 and 9, and I will give Petitioner the benefit of the later date.  July 9, 2017, fell on a Sunday.

6

actual innocence exception, Petitioner's habeas petition filed on November 29, 2023, is untimely by more than six years.

### C.    Equitable Tolling

The United States Supreme Court has held that the habeas time bar is not jurisdictional, but instead, is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645-46 (2010).  In Holland, the Supreme Court held that equitable tolling is proper only where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (citing Pace, 544 U.S. at 418).  "The diligence required for equitable tolling purposes is 'reasonable diligence.'"  Id. at 653 (citing Lonchar v. Thomas, 517 U.S. 314, 326 (1996)).  Additionally, the Court has held that in order to qualify for equitable tolling, the petitioner must exercise reasonable diligence throughout the period he seeks to toll.  See Pace, 544 U.S. at 418 (petitioner must also establish diligence); LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (petitioner must exercise reasonable diligence in exhausting state remedies and bringing federal habeas petition); Schlueter v. Varner, 384 F. 3d 69, 77-78 (3d Cir. 2004) (attorney malfeasance must be accompanied by diligence to warrant equitable tolling).

The Supreme Court did not identify what would constitute an "extraordinary circumstance," except to suggest that attorney misconduct could rise to the level of "extraordinary" in some circumstances.  Holland, 560 U.S. at 651-52.  The Supreme Court explained that "the 'exercise of a court's equity powers . . . must be made on a case-by-case basis.'"  Id. at 649-50 (quoting Baggett v. Bullitt, 377 U.S. 360, 275

(1964)); see also Miller v. N.J. State Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1988) (equitable tolling appropriate when "principles of equity would make [the] rigid application [of a limitations period] unfair").

The Third Circuit has held equitable tolling to be justified when (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting their rights, (3) the plaintiff has timely asserted rights, but has mistakenly done so in the wrong forum, or (4) the plaintiff received inadequate notice of the right to file suit, a motion for appointment of counsel is pending, or the court has misled the plaintiff into believing that they have done everything required.  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  In any of these circumstances, a petitioner must also establish that they "exercised reasonable diligence in investigating and bringing [the] claims."  Miller, 145 F.3d at 618-19 (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).  Further, the Third Circuit has stated that ignorance of the law is not a basis for equitable tolling.  Schlueter, 284 F.3d at 75.

Petitioner avers that the court never notified him of Judge O'Keefe's orders dismissing his first PCRA petition, and that by the time he learned of the ruling "4+ years later" it was too late for him to file a timely appeal.  Doc. 1 ¶ 17.[7]  This averment is difficult to understand given that Petitioner filed a second PCRA petition in October 2018

---

[7]Petitioner does not specify which of the three PCRA petitions took him "4+ years" to learn had been dismissed, Doc. 1 ¶ 17, but the context reveals that he is referring to the first petition.  He filed pro se notices of appeal on both the second and third petitions, so he was obviously aware of those dismissals.  See 5041 Docket Sheet (entries dated June 3, 2019 & Feb. 8, 2022); 5046 Docket Sheet (entry dated Feb. 22, 2022).

and, following the denial of relief due to it being untimely and meritless, he filed a pro se notice of appeal on June 3, 2019, see 5041 Docket (entry dated June 3, 2019) -- within two years of Judge O'Keefe's Order denying the first PCRA petition. Moreover, the Superior Court dismissed the appeal from the second PCRA petition because Petitioner failed to file an appellate brief. Id. (entry dated Feb. 20, 2020); Super. Ct. Op. at *2. Therefore, the Superior Court did not reach the issue of timeliness or the merits of the claims asserted.

In any event, even assuming that the PCRA court or PCRA counsel failed to notify Petitioner of the denial of his first PCRA petition, Petitioner failed to exercise reasonable diligence in waiting four years to inquire about the status of his PCRA petition and seven years to file the present federal petition for a writ of habeas corpus. See, e.g., LaCava, 398 F.3d at 277 (petitioner did not exercise reasonable diligence by allowing more than twenty-one months to lapse before he inquired with the state court about the statis of his petition); McKeithan v. Varner, 108 Fed. App'x 55, 59 (3d Cir. 2004) (five-month delay in inquiring regarding status of PCRA petition was not diligent); Apostolec v. Tice, Civ. Action No. 16-919, 2016 WL 7242571, at *4 (E.D. Pa. Oct. 31, 2016) (petitioner did not exercise due diligence in waiting six months to determine appeal not filed in PCRA action), R&R approved & adopted, 2016 WL 7231913 (E.D. Pa. Dec. 14, 2016); Accor v. Giroux, Civ. Action No. 14-5255, 2015 WL 10437759, at *4 (E.D. Pa. Dec. 23, 2015) (petitioner did not exercise due diligence where he did not contact court to determine status of appeal for four months and waited additional four months to file appeal upon

9

discovery that none was filed), R&R approved & adopted, 2016 WL 1029508 (E.D. Pa. Mar. 9, 2016).

Thus, I find that Petitioner is not entitled to equitable tolling.

### D.      Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome the habeas limitations period. McQuiggin v. Perkins, 569 U.S. 383 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. Schlup v. Delo, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin, 569 U.S. at 394-95 (quoting Schlup, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert such claim, "[un]explained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id. at 399; see also Schlup, 513 U.S. at 332 ("[a] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of . . . evidence [of actual innocence]").

Here, Petitioner makes no allegation that he is actually innocent. Rather, Petitioner claims that the trial court erred in deviating from Pennsylvania sentencing guidelines, plea counsel was ineffective in providing incorrect advice about his possible sentence, and PCRA counsel was ineffective in withdrawing before adequately

10

addressing his issues. Doc. 1 ¶11.  Thus, Petitioner fails to meet the Schlup standard, and the present habeas petition should be dismissed as time-barred.

III.    **CONCLUSION**

Petitioner's conviction became final on February 19, 2016, and 263 days passed before he filed a PCRA petition on November 8, 2016.  The habeas limitations period resumed running on July 10, 2017, with 102 days remaining.  Petitioner is not entitled to equitable tolling nor can he rely on the actual innocence exception.  Therefore, the federal habeas limitations period expired on October 20, 2017, and the present petition, filed on December 18, 2023, is more than six years late.

Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 7th day of June 2024, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as untimely filed.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Elizabeth T. Hey

_____

ELIZABETH T. HEY, U.S.M.J

11